IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

ARTHUR BALLINGER, IV,

        Petitioner,

v.                          Case No. 6:06-cv-01036

THOMAS MCBRIDE, Warden,
Mount Olive Correctional Complex,

        Respondent.

PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On December 12, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees (# 1). On December 13, 2006, the undersigned granted Petitioner's Application to Proceed Without Prepayment of Fees (# 5), and ordered Respondent to file a response to the petition (# 4).

After receiving an extension of time to file a response, on February 20, 2007, Respondent filed a Motion for Summary Judgment and Motion to Dismiss (# 10), with accompanying exhibits (# 11), and a Memorandum of Law in support thereof (# 12). Respondent's

Motion and Memorandum of Law assert that Petitioner has failed to exhaust available state court remedies and is procedurally defaulted from returning to state court. Respondent's Motion and Memorandum of Law further assert that Petitioner's petition fails to state a claim upon which relief can be granted. (## 10, 11).

On February 22, 2007, Petitioner filed a response to Respondent's motions (# 13). However, that same day, the undersigned entered a notice, pursuant to the holding in <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his right and obligation to respond to Respondent's motions and setting deadlines for a response and reply. (# 14).

On April 3, 2007 (past the March 23, 2007 deadline the court set for Petitioner's response), Petitioner filed an additional response to Respondent's motion and a "request to proceed to trial." (# 15). No additional briefs have been received. This matter is now ripe for determination.

## PROCEDURAL HISTORY

### Criminal proceedings and appeal

On January 14, 2005, Petitioner was indicted by a Wood County grand jury on two counts of breaking and entering, two counts of entering without breaking, and two counts of petit larceny (Case No. 05-F-6). (# 11, Ex. 1). On or about February 23, 2005, Petitioner, through his court-appointed counsel, Carl P. Bryant, filed a Motion for a Psychological and Psychiatric Evaluation.

2

(Id., Ex. 10).  Following a mental competency evaluation that will be further discussed herein, the trial court found Petitioner competent to stand trial.  (Id., Ex. 13).

On July 20, 2005, Petitioner pled guilty to one count of breaking and entering and one count of petit larceny.  (Id., Ex. 2).  The court found Petitioner's guilty plea to be knowing and voluntary.  (Id. at 1).  The court took under advisement Petitioner's request for probation or an alternative sentence.  (Id. at 2).

Based upon Petitioner's prior criminal history, the court apparently advised Petitioner about the Habitual Criminal Act.  (Id.)  However, Petitioner ultimately did not qualify as a recidivist under the law.  Petitioner's plea agreement reflected that fact.  (# 11, Ex. 4 at 9-10).[1]

On September 13, 2005, Petitioner was sentenced to one to ten years in the penitentiary on the breaking and entering conviction and one year in jail on the petit larceny conviction, said sentences to run concurrently.  (Id., Ex. 3 at 2; Ex. 15 at 5).  The court denied Petitioner's request for probation or an alternative sentence.  (Id., Ex. 3 at 2; Ex. 15 at 5).

---

[1]    Petitioner's plea agreement and the transcript from his plea hearing are not included in the record before this court. However, the text of the plea agreement is incorporated into Petitioner's Petition for Appeal filed in the SCAWV.

On January 26, 2006, Petitioner file a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"), asserting the following grounds for relief:

    I.    Appellant contends that he received an excessive sentence upon his guilty plea based upon his age, intelligence, his history of mental illness and the plea agreement with the State of West Virginia.

    II.  Appellant contends that his sentence is disproportionate to the severity of the offenses charged.

(Id., Ex. 4). The Petition for Appeal was refused on March 15, 2006. (Id.)

**Habeas corpus proceedings**

On October 10, 2005, before his attorney had filed his direct appeal, Petitioner filed a pro se Petition for a Writ of Habeas Corpus in the Circuit Court of Wood County (Case No. 05-P-162), alleging the following grounds for relief:

    1.    Conviction obtained by plea of guilty which I did not fully understand.

    2.    Attorney lied to me about what would happen and lied to me so I wouldn't take my case to trial.

    3.    Denied a fair mental competency hearing, gave me a court psychiatrist.

    4.    I have seen from here that certain people have had several mental competency hearings and I was denied that right.

    5.    Was told by the prosecution that a written plea if I did not accept it they would seek recidivist information on me, but when I went to the court the prosecution told the judge that he did not have the grounds to seek the recidivist. Tricked into that plea.

(Id., Ex. 5).

On February 8, 2006, the Circuit Court denied the petition, finding that the grounds raised therein had been previously adjudicated or waived. (Id., Ex. 6). The court also found that Petitioner's grounds for relief were "at odds and contrary to his statements under oath before this Court on June 30, 2005." (Id.) The court's Order stated:

> After thorough questioning the Court found that the Defendant knowingly, voluntarily, and intelligently waived his rights and entered a knowing, intelligent, and voluntary plea to Counts Four and Three of the Indictment. The Court thoroughly questioned the Defendant under oath, on the issue of sentencing and the Defendant clearly understood that sentencing was in the discretion of the Court and there was no agreement on the sentence and probation was in no way guaranteed to him.

(Id.) The Order further stated that Petitioner's grounds were without merit and that Petitioner had not exhausted his remedy of direct appeal to the SCAWV (that is, he did not assert the grounds for relief raised in his habeas corpus petition in his petition for appeal of his conviction and sentence). (Id.)

Petitioner did not file a petition for appeal concerning the denial of this habeas corpus petition.

Petitioner filed the same petition for habeas corpus relief in the Circuit Court of Doddridge County, where he was incarcerated. That petition was transferred to the Circuit Court of Wood County on October 5, 2006. (Case No. 06-P-154). On October 17, 2006, the Circuit Court of Wood County denied the petition, finding that:

5

said Petition is the exact same Petition that was filed in Wood County Circuit Court on October 11, 2005, which said Petition was dismissed by Order dated February 7, 2006 wherein the Court found that the grounds asserted in the Petition had been previously adjudicated or waived. Accordingly, the Petition should be dismissed without hearing.

(Id., Ex. 8).

On October 11, 2005, Petitioner filed the same petition in the SCAWV. (Id., Ex. 9). The SCAWV treated the petition under its original jurisdiction, rather than as an appeal of the denial of the petition by the Circuit Court of Wood County. The petition was refused on March 15, 2006 (the same date that his direct appeal was refused). (Id.)

Petitioner filed the instant petition under 28 U.S.C. § 2254 on December 12, 2006. The petition alleges one ground for relief:

I have doctors in Indiana, from a period of over ten years who said I am insane. The court sent me to state appointed pscy. [sic; psychiatrist] who was already bias[ed] against me and told the court nothing was wrong with me. I feel I need to be in a mental hospital or I will never get better.

(# 2 at 5). Petitioner requests that the court give him "the help he needs in a mental institution." (Id. at 14).

## ANALYSIS

### A.  EXHAUSTION OF STATE REMEDIES.

Section 2254(b)(1)(A) of Title 28 of the United States Code, states that a petition for a writ of habeas corpus filed in a federal district court by a prisoner in state custody shall not be granted, unless it appears that the applicant has exhausted the

6

remedies available in the state courts, or if the state has waived the exhaustion requirement.  28 U.S.C. §§ 2254(b)(1)(A), (b)(3).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court, pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV.  Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986).  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies.  See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Respondent asserts that Petitioner has not exhausted his state court remedies concerning his mental competency claim and, as a result, his federal petition must be dismissed.  (# 12 at 7).  The undersigned agrees that Petitioner has not exhausted his state court remedies concerning this claim.  Petitioner did not raise the

substance of his federal claim in his direct appeal, and he has not filed a state habeas appeal. (# 12 at 7). To the extent that Petitioner attempted to raise his federal claim in his original jurisdiction petition filed in the SCAWV, the petition was summarily denied. Therefore, the claims raised therein are unexhausted.

A petition for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b)(2). As discussed further below, Petitioner's claim may be denied on the merits. Therefore, the undersigned will overlook Petitioner's failure to exhaust and will address the merits of the petition herein.[2]

**B.    PETITIONER'S COMPETENCY EVALUATION IN THE TRIAL COURT.**

Petitioner's claim asserted in his federal habeas corpus petition appears to raise two separate issues. First, Petitioner claims that he "is insane" and that the mental health care professionals who examined him to determine his competency to stand trial were "biased." (# 2 at 5). Second, Petitioner asserts that he presently feels that he "needs to be in a mental hospital or [he] will never get better." (Id.) The undersigned will address

_____

[2]    Respondent also asserts that Petitioner's claims are procedurally defaulted. In light of the proposed finding that Petitioner's claim lacks merit, the undersigned finds it unnecessary to address the procedural default argument.

each claim in turn.

"The Due Process Clause of the Fourteenth Amendment prohibits states from trying and convicting mentally incompetent defendants." Pate v. Robinson, 383 U.S. 375, 384-286 (1966).   The test for determining competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960). "Competency claims can raise issues of both procedural and substantive due process." Walton v. Angelone, 321 F.3d 442, 459 (4th Cir. 2003).   Respondent has noted this standard in his Memorandum of Law.

As addressed in Walton:

[A] defendant may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competency was put in issue.  To prevail, the defendant must establish that the trial court ignored facts raising a "bona fide doubt" regarding the defendant's competency to stand trial. Pate, 383 U.S. at 384-86, 86 S.Ct. 836.

* * *

On the other hand, a defendant may make a substantive competency claim by alleging that he was, in fact, tried and convicted while mentally incompetent. Pate, 383 U.S. 384-86, 86 S.Ct. 836; Dusky, 362 U.S. at 402, 80 S.Ct. 788.  In contrast to a procedural competency claim, however, a defendant raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his incompetency by a preponderance of the evidence.

321 F.3d at 459-460 (emphasis added). "[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." <u>Burket v. Angelone</u>, 208 F.3d 172, 192 (4th Cir. 2000).

Respondent's Memorandum of Law addresses the facts surrounding Petitioner's mental competency evaluation before trial as follows:

> The Petitioner's trial counsel requested a mental competency evaluation because of Petitioner's long history of mental illness and his apparent difficulty communicating and assisting him in preparing a defense. (Resp't Ex. 10.) The court ordered that the Petitioner undergo a competency evaluation. (Resp't Ex. 11.) The mental health care professionals who examined the Petitioner found: "Mr. Ballinger is competent to stand trial in our opinion." (Resp't Ex. 12 at 10.) After considering the results of the evaluation, "testimony and other relevant information" the trial court determined that the Petitioner was competent to face the charges against him and assist in his defense. (Resp't Ex. 13.)

> When the Petitioner entered his plea, he was asked several questions in open court about his understanding of the plea process and proceeding. (Resp't Ex. 14) The Petitioner answered each question and signed the agreement. There was no indication in any of the Petitioner's answers that he was unsure of the nature or consequences of the plea.

> The threshold issue in a claim of substantive incompetency is whether the defendant had a rational and factual understanding of the proceedings against him irrespective of any past history of mental illness or subsequent mental illness. ("The test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." <u>Dusky v. United States</u>, 362 U.S. 402 (1960)). The standard of competence to enter a guilty plea is identical to the standard of competency for standing trial. ("If the <u>Dusky</u> standard is adequate for defendants who plead not guilty, it is necessarily adequate for those who plead

10

guilty." <u>Godinez v. Moran</u>, 509 U.S. 389, 399 (1993)).
Mental illness alone does not render a defendant
presumptively unfit for trial. "Not every manifestation
of mental illness demonstrates incompetence to stand
trial . . . ." <u>Burket</u> at 388 (citations and quotations
omitted).

(# 12 at 11-12).

Section 2254(e)(1) of Title 28 contains a presumption that a

state court's factual findings are correct:

> In a proceeding instituted by an application for a writ
> of habeas corpus by a person in custody pursuant to the
> judgment of a State court, a determination of a factual
> issue made by a State court shall be presumed to be
> correct.   The applicant shall have the burden of
> rebutting the presumption of correctness by clear and
> convincing evidence.

28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Woodford v. Garceau</u>, 538 U.S. 202,

207 (2003).  Respondent stresses that a competency determination is

a question of fact that is entitled to the presumption of

correctness.  <u>Doughty v. Grayson</u>, 397 F. Supp.2d 867, 876 (E.D.

Mich. 2006)("when the state court applies the correct legal

standard, the Supreme Court has treated the question of competency

to stand trial as a fact question entitled to the presumption of

correctness.")(citing <u>Maggio v. Fulford</u>, 462 U.S. 111, 117 (1983));

<u>see also</u> <u>Filaggi v. Bagley</u>, 445 F.3d 851, 858 (6th Cir. 2006)("A

determination of competence is a factual finding to which deference

must be paid"); <u>Lafferty v. Cook</u>, 949 F.2d 1546, 1549 (10th Cir.

1991)("competency is a factual issue").  (# 12 at 12-13).

The Motion for Psychological and Psychiatric Evaluation filed

by Petitioner's court-appointed counsel, Carl P. Bryant, stated

11

that Petitioner "appears to be of little assistance to counsel in preparing his defense." (# 11, Ex. 10 at 1).  The motion further stated that "Counsel for Defendant advises the Court that he has serious doubts regarding Defendant's mental competence to stand trial and Defendant's criminal responsibility for the acts for which he is charged as a result of his mental instability and mental history." (Id.)  The motion then states that Petitioner had, in the past, been institutionalized, and details some of the history of Petitioner's mental health treatment.  (Id. at 1-2).

Based upon this motion, the trial court ordered that Petitioner undergo a mental competency evaluation.  The Order stated as follows:

> This Court, in accordance with W. Va. Code 27-6A-1(a), having heard argument of counsel, does hereby ORDER that the defendant undergo initial forensic examinations to determine the defendant's competency to stand trial and his ability to assist counsel at trial; to determine whether the defendant was criminally responsible at the time of the alleged crime(s) charged by reason of mental illness or mental retardation; and if the defendant is not found to be competent to stand trial, to determine if the defendant is likely to be competent to stand trial within six months.

(# 11, Ex. 11).  The Order further directed that the evaluations be conducted by "any licensed Psychiatrist" and by Ralph S. Smith, Jr., M.D., Psychologist at Charleston Psychiatric Group, Inc.[3]  Each evaluator was to provide a written report of his or her

---

[3]  Dr. Ralph Smith is actually a board-certified psychiatrist. His co-worker, Teresa D. Smith, Ph.D., is a licensed psychologist. Together they evaluated Petitioner.

evaluation and findings.  (<u>Id.</u>)

Petitioner was evaluated at Charleston Psychiatric Group, Inc. on April 12, 2005.  A written report of their evaluation was drafted on May 2, 2005.  According to the copy of the report provided by Respondent, the report was filed in Petitioner's criminal case on May 10, 2005.  (# 11, Ex. 12).

According to the report, during Petitioner's mental status examination, "[t]here was no evidence of delusions, hallucinations, or thought disturbances." (<u>Id.</u> at 4).  The report further states that Petitioner:

> understood the charges against [him] were four B&E's, two petit larceny, two entering without breaking and the possible penalties were 4-40 years.  He said the judge was a person in charge of the courtroom during the trial. He said the jury's role was to find him guilty or not guilty.  He said the prosecutor's role was to "try to prove I'm guilty." He said his attorney was there to help him out and prove him innocent or get him a better plea.

(<u>Id.</u>)

The evaluators diagnosed Petitioner with bipolar affective disorder, antisocial personality disorder and hypertension.  (<u>Id.</u> at 10).  The report listed the following assessment and opinion:

> Mr. Ballinger is competent to stand trial in our opinion.  He had a grasp of the charges against him and the possible penalty, the role and function of courtroom participants and has the capacity to assist his attorney in his own defense.
>
> It is further our opinion that at the time of alleged crime, Mr. Ballinger had no mental disease or defect which would have prevented him from appreciating the wrongfulness of his conduct nor which would have

> prevented him from conforming his conduct to the
> requirements of law.  He has a longstanding antisocial
> pattern with multiple arrests, long periods of time in
> state hospitals for violence and mood stabilization,
> noncompliance with treatment, assault on healthcare
> workers and family members and multiple brushes with the
> law.  His complaints of hallucinations are not credible
> since there is no accompanying thought disturbance
> associated with them and no evidence of psychotic
> behavior in the interview.  He also Faked Bad on the
> MMPI-2.

(Id.)

On May 10, 2005, the trial court entered an order finding as

follows:

> The Court having received a written report from Dr.
> Ralph S. Smith, Jr. and Dr. Teresa D. Smith of Charleston
> Psychiatric Group, Inc. pertaining to such examination
> performed on the 12th day of April, 2005, and from said
> report, testimony and other relevant information
> pertaining to the issue of whether the above-named
> Defendant is capable of understanding and participating
> substantially in his defense and is capable of
> understanding the nature of and consequences of the crime
> with which he has been charged and his competency to
> stand trial and whether or not he is criminally
> responsible for the crime with which he has been charged,
> the Court does find from a preponderance of the evidence
> based upon an examination of the totality of the evidence
> that the above-named Defendant is capable of
> understanding and participating substantially in his
> defense; is capable of understanding the nature and
> consequences of the crime; that he has a sufficient
> present ability to consult with his attorney with a
> reasonable degree of rational understanding; and a
> rational as well as factual understanding of the
> proceedings, and that the above-named Defendant is
> competent to stand trial on the charge now pending
> against him.

(# 11, Ex. 13).  The Order further stated that, if the defendant or

the State wanted a hearing on the findings, counsel should notify

the court within a reasonable time to request such a hearing. (Id.)

14

Apparently, no such request was made.  Therefore, Petitioner was not denied a mental competency hearing.

The trial judge was clearly in the best position to evaluate Petitioner's competency at the time of the proceedings before him, and "[r]etrospective determinations of whether a defendant is competent to stand trial . . . are strongly disfavored."  <u>Vogt v. United States</u>, 88 F.3d 587, 591 (8th Cir. 1996)(citations omitted). Nevertheless, the undersigned has reviewed the mental competency evaluation performed by Charleston Psychiatric Group, Inc. (# 11, Ex. 12).  That document does not contain any information that would support a finding, by clear and convincing evidence, that Petitioner did not have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or that he did not have "a rational as well as factual understanding of the proceedings against him."  <u>Dusky</u>, *supra*, 362 U.S. at 402.  To the extent that Petitioner is claiming that the evaluation he received from Charleston Psychiatric Group, Inc. was wrong because the evaluators were "bias[ed] against [him,]" Petitioner has offered no evidence to support his claim.

Petitioner's responses merely reiterate that he has been in different mental hospitals since the age of 12, and that "each doctor said Defendant had mental problems."  (# 13 at 2). Petitioner's responses also assert, without any factual support, that, simply because Dr. Ralph Smith was a court-appointed

15

psychiatrist, "he was already bias[ed] against Petitioner" (# 15 at 3), and "there is no actual way [that he] could give a proper diagnosis in one hour compared to ten years." (# 13 at 2).

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated by clear and convincing evidence that the trial court's finding that he was competent to stand trial was erroneous. Moreover, Petitioner did not raise an insanity defense and pled guilty to two of the charges in the indictment. The trial court found that Petitioner's guilty pleas were knowing and voluntary. Therefore, Petitioner cannot demonstrate any violation of his due process rights.

Title 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the United States Supreme Court held that under the "contrary to" clause, a federal habeas court may grant a writ of habeas corpus with respect to claims adjudicated on the merits in state court only if (1) the

16

state court arrives at a conclusion opposite to that reached by the
Supreme Court on a question of law, or (2) if the state court
decides a case differently from the Supreme Court on a set of
materially indistinguishable facts.  The Court went on to note that
under the "unreasonable application" test, a federal habeas court
may grant a writ of habeas corpus with respect to a claim
adjudicated on the merits in state court only if the state court
identifies the correct governing principle from the Supreme Court's
decision, but unreasonably applies that principle to the facts of
the prisoner's case.  Id. at 413.

The undersigned further proposes that the presiding District
Judge **FIND** that the Circuit Court of Wood County's ruling
concerning Petitioner's competency was not contrary to, nor an
unreasonable application of, clearly-established federal law.
Thus, Respondent is entitled to judgment as a matter of law on
Petitioner's claim.

### C.    PRESENT DEPRIVATION OF MENTAL HEALTH TREATMENT.

To the extent that Petitioner has asserted his federal habeas
corpus petition that "I feel I need to be in a mental hospital or
I will never get better," Respondent's motion asserts that such a
claim is not appropriately raised in a habeas corpus petition
because habeas corpus is "the exclusive remedy for challenging the
validity and length of confinement" (citing Preiser v. Rodriquez,
411 U.S. 475, 489-490 (1973)).  (# 12 at 13).

Respondent states that the transfer of an inmate from a penal facility to a mental health facility is governed by state statutory and administrative law.  Specifically, Respondent notes, West Virginia Code § 28-5-31 provides:

> (b) When a convicted person in a jail, prison, or other facility is believed to be mentally ill, retarded or addicted, as those terms are defined in article one, chapter twenty-seven of this code, and in need of treatment, training or other services, the facts related to such illness, shall be presented to the chief administrative officer of the facility.  Such facts may be presented by a correctional officer, member of a correctional institution medical staff, relative, or the convicted person.  Immediately upon receipt of such facts, the chief administrative officer shall arrange for psychiatric or psychological examination of the person alleged to be so afflicted.  If the report of the examination is to the effect that the individual is mentally ill, mentally retarded, or addicted and that treatment, training or other services are required which cannot reasonably be provided at the correctional facility, the chief administrative officer shall file within twenty days after presentation of the facts an application for transfer with the clerk of the circuit court of the county of location of the correctional facility.

Respondent notes that this statute further provides for administrative proceedings to determine competency, appointment of counsel, and administrative appeal remedies for a petitioner seeking to be transferred to a mental health facility.  (Id. at 14).

If Petitioner believes that the failure to transfer him to a mental health facility is a denial of his constitutional right, then *after exhausting the available administrative remedies at the correctional facility*, Petitioner may seek relief from a federal

court under 42 U.S.C. § 1983.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's allegations concerning his current mental health status do not state a claim upon which relief can be granted under 28 U.S.C. § 2254, and must be dismissed without prejudice.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion for Summary Judgment (# 10-1), **GRANT** Respondent's Motion to Dismiss (# 10-2) and **DENY** Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (# 2).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a

waiver of appellate review by the circuit court of appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party, Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

____July 19, 2007____
            Date

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge

20